# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Travis J. Wright, | ) |
|         Plaintiff, | ) Civil Action No.: 2:18-cv-01587-JMC |
| v. | ) **ORDER** |
| K. Newsome and Lt. Vetter, | ) |
|         Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 77) filed on June 25, 2019. The Report addresses Plaintiff Travis J. Wright's ("Plaintiff") suit under 42 U.S.C. § 1983 and recommends that the court grant Defendant Lt. Vetter's ("Defendant") Motion for Summary Judgment (ECF No. 60). For the reasons stated herein, the court **ACCEPTS** the Report and **GRANTS** Defendant's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 77.) As brief background, on June 11, 2018, Plaintiff, proceeding *pro se*, filed his Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff filed his Amended Complaint on November 30, 2018. (ECF No. 36.) In his Amended Complaint, Plaintiff alleged deficiencies with respect to the food served at the Lexington County Detention Center ("LCDC") during his time there as a federal detainee. (*Id*.) Specifically, Plaintiff alleged that "on a regular basis," he was "served hot food below serving temp[erature]"; the food was "not sanitized"; and food lacked "nutritious balance." (*Id*. at 7-8.)

Additionally, Plaintiff alleged that Defendant failed to properly address and process Plaintiff's grievances following his complaints about the alleged deficiencies. (*Id*.)

On February 25, 2019, Defendant Lt. Vetter filed his Motion for Summary Judgment. (ECF No. 60.) On February 26, 2019, the Magistrate Judge issued a *Roseboro* Order (ECF No. 61), which apprised Plaintiff of the procedures surrounding summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (requiring the court to provide an explanation of the dismissal and summary judgment procedures to *pro se* litigants). On March 25, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's claims against Defendant K. Newsome be dismissed with prejudice for Plaintiff's failure to execute service under Rule 4(m) of the Federal Rules of Civil Procedure.[1]

---

[1] While the Magistrate Judge recommended the claims against K. Newsome be dismissed based on Plaintiff's failure to serve Defendant Newsome in accordance with Rule 4(m) of the Federal Rules of Civil Procedure (ECF No. 68), the court would have declined to accept the Report and Recommendation (*Id*.). In any event, the service issue with regard to Defendant K. Newsome is now moot because claims against K. Newsome are also dismissed on their merits, for the reasons discussed in the current Report. (ECF No. 77). For further clarification, here, because Plaintiff has been granted in forma pauperis ("IFP") status pursuant to 28 U.S.C. § 1915, service requirements fall under the holding of *Greene v. Holloway*, 210 F.3d 361 (4th Cir. 2000). As such, under *Greene*, the United States Marshals Service, "if provided 'sufficient information to identify the defendant,' must expend a reasonable investigative effort to locate the defendant at his new address." *Greene*, 210 F.3d at 361; *see also Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963). As noted in other decisions in this District, a Marshal's attempted delivery of service to a named defendant's place of former employment is insufficient to discharge his duty to "expend a reasonable investigative effort to locate a [d]efendant once he is properly identified." *Lucas v. Eagleton*, No. 0:05-cv-2007-TLW-BM, 2006 WL 1663810, at *2 (D.S.C. June 8, 2006) (holding that a Marshal had a duty to make a reasonable attempt to serve two defendants once determining that they were no longer employed by the South Carolina Department of Corrections). In *Lucas*, the Court reasoned that it was understandable that the defendants, who were "apparently no longer employed by the Department of Corrections," did not wish to provide their personal addresses to the plaintiff. *Id*. at *3. However, the Court held that "in light of the holdings of *Graham* and *Greene*, and the fact that Plaintiff has been granted IFP status in this case, further attempts by the United States Marshal" were required before a motion to dismiss based on improper service could be granted. *Id*. at *3; *see also Fulks*, 2007 WL 2104845, at *10–11. Here, Plaintiff did provide the United States Marshals Service with requisite information to locate Defendant K. Newsome. That K.

2

On June 25, 2019, the Magistrate Judge issued the instant Report granting Defendant Lt. Vetter's February 26, 2019 Motion for Summary Judgment. (ECF No. 77.) The Report reasoned that "Plaintiff has failed to show that [the] alleged deficiencies in the food resulted in a serious deprivation or that the Defendants were deliberately indifferent." (*Id.* at 10.) Moreover, the Report found that there was not a genuine issue of material fact in which Plaintiff could survive Defendant's Motion. Lastly, the Report concluded that, even if Plaintiff's claims were true, Plaintiff's alleged violations of policies and procedures do not rise to the level of a constitutional violation under 42 U.S.C. § 1983. (*Id.* at 5.) For these reasons, the Report ultimately recommended that the court grant Defendant's Motion for Summary Judgment. (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

Newsome no longer worked with Aramark would not have been a sufficient basis to accept the Magistrate's recommendation (ECF No. 68) to dismiss K. Newsome's claims.

3

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on July 2, 2019. (ECF No. 80.) Objections to the Report were due by July 16, 2019 if filed electronically. (*Id.*) Further, objections were due by July 19, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Upon review of the record, Defendant has not filed any objections to the Report. On July 15, 2019, Plaintiff "move[d] in mercy of the court" but failed to file any specific objections to the Report or illustrate any clear error in the Report. (*See* ECF No. 82.) Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the instant case, the court has carefully examined the findings of the Report and concludes that specific objections were not filed by either party, and the Report does not contain clear error. Accordingly, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 77) and incorporates it herein. Therefore, the court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 71).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 16, 2019
Columbia, South Carolina